IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IAN GRAY | : |
| | : |
| *Plaintiff* | : |
| | : |
| v. | : NO. |
| | : |
| TOWN OF BASALT | : |
| and | : |
| POLICE OFFICER BRIAN LEMKE | : |
| and | : |
| POLICE OFFICER MICHAEL TAYLOR | : |
| and | : |
| POLICE SGT. STEWART CURRY | : |
| | : |
| *Defendants* | : |

## COMPLAINT

Plaintiff, Ian Gray, files this Complaint against Defendants, Town of Basalt, Police Officer Brian Lemke, Police Officer Michael Taylor, and Police Sergeant Stewart Curry, and in support thereof avers as follows:

### Jurisdiction

1. This Court has original jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(1), (3) and (4), and supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). This court has jurisdiction to issue the requested declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### Parties

2. Plaintiff is a resident of the State of Colorado and at all times relevant to this action has resided within this district in Basalt, Colorado.

1

3. Defendant, Town of Basalt, is a municipal government entity organized under the laws of the State of Colorado; owns, operates, manages, directs and controls the Basalt Police Department which has a legal responsibility to operate according to the law of the United States and the State of Colorado, including, but not limited to, the United States Constitution; at all times relevant to this action has employed Defendants, Police Officer Brian Lemke, Police Officer Michael Taylor, and Police Sergeant Stewart Curry; and has its main office at 101 Midland Avenue, Basalt, Colorado 81621.

4. At all times relevant hereto, the acts and/or omissions of Defendant, Town of Basalt, were accomplished through its officers, agents, workers, representatives and/or employees who were then and there acting and/or failing to act within the scope and course of their agency and/or employment.

5. Defendant, Police Officer Brian Lemke, is a police officer employed by Defendant, Town of Basalt, through the Basalt Police Department and, at all times relevant hereto, has acted under the authority of the Basalt Police Department and under color of state law. He is named as a defendant in his individual capacity.

6. Defendant, Police Officer Michael Taylor, is a police officer employed by Defendant, Town of Basalt, through the Basalt Police Department and, at all times relevant hereto, has acted under the authority of the Basalt Police Department and under color of state law. He is named as a defendant in his individual capacity.

7. Defendant, Police Sergeant Stewart Curry, is a police sergeant employed by Defendant, Town of Basalt, through the Basalt Police Department and, at all times relevant

hereto, has acted under the authority of the Basalt Police Department and under color of state law. He is named as a defendant in his individual capacity.

8. At all times relevant hereto, Defendants acted in concert and conspiracy, and their actions deprived Plaintiff of his constitutional, statutory and common law rights.

9. At all times relevant hereto, Defendants, Police Officer Brian Lemke, Police Officer Michael Taylor, and Police Sergeant Stewart Curry, each acted within the scope of his respective employment by Defendant, Town of Basalt.

### Factual Background

10. On August 15, 2009 at approximately 12:30 a.m., Plaintiff was a patron at the Basalt Bistro located at 202 Midland Avenue, Basalt, Colorado.

11. At the time and place aforesaid, Plaintiff was seated on a bar stool at the bar when Defendants, Police Officer Brian Lemke, Police Officer Michael Taylor, and Police Sergeant Stewart Curry, conducted a walk-through patrol of the bar. During the patrol, several bar patrons verbally expressed their disapproval of Defendants' presence. As Defendants exited the bar, Plaintiff expressed his disapproval of their presence by yelling, "Don't let the door hit you in the ass."

12. Shortly thereafter, Defendants, Police Officer Brian Lemke, Police Officer Michael Taylor, and Police Sergeant Stewart Curry, came back inside the bar. Officer Lemke confronted Plaintiff, who remained seated on the bar stool, and told Plaintiff he needed to leave the bar and come outside. Plaintiff asked why he was being instructed to leave, to which Officer Lemke essentially replied, "Because I said so." Plaintiff refused to leave the bar. Officer Lemke then forcefully removed Plaintiff from the barstool, dropped him to the barroom floor, repeatedly

struck Plaintiff's arms, brought Plaintiff's arms behind his back, and handcuffed him. Officers Lemke and Taylor then forcefully attempted to get Plaintiff to his feet, under the observation of Sergeant Curry. Defendants escorted Plaintiff outside the bar, removed the handcuffs, and released him without explanation and without charging him with any crime or offense.

13. Approximately three weeks later, on August 31, 2009, the Eagle County district attorney charged Plaintiff with two misdemeanors in connection with the aforesaid incident: harassment pursuant to C.R.S. 18-9-111(1)(h), and obstructing a police officer pursuant to C.R.S. 18-8-104(1)(a). The district attorney dismissed the charges several months later.

14. Plaintiff did not commit any criminal offense, did not violate any law of the Town of Basalt, the State of Colorado, or the United States of America, and did not engage in any conduct which justified Defendants' actions.

15. Defendants, Police Officer Brian Lemke, Police Officer Michael Taylor, and Police Sergeant Stewart Curry, knew that they were without authority or probable cause to confront, detain, use force against, and/or arrest Plaintiff.

16. Defendants, Police Officer Brian Lemke, Police Officer Michael Taylor, and Police Sergeant Stewart Curry, acted willfully, wantonly, deliberately, maliciously and/or with reckless disregard of Plaintiff's constitutional, statutory and common law rights.

17. Defendants, Police Officer Brian Lemke, Police Officer Michael Taylor, and Police Sergeant Stewart Curry, engaged in the aforesaid conduct for the purpose of violating Plaintiff's constitutional rights by subjecting him to an unreasonable use of force, unlawful arrest and improper interference with and retaliation for the exercise of protected free speech.

18. As a direct and proximate result of Defendants' aforesaid conduct, Plaintiff has sustained the following injuries and incurred the following damages:

(a) Violation of his rights under the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from the state's unreasonable use of force and to not be subjected to unlawful arrest;

(b) Violation of his rights under the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from state interference with the exercise of protected free speech and to be free from state retaliation for the exercise of protected free speech;

(c) Physical injuries including, but not limited to, tendon, ligament and/or other damage to his right shoulder, lacerations and bruising to his wrists, and bruising to his forearms and right lower jaw line, as well as pain and suffering, fear, anxiety, loss of liberty, embarrassment and humiliation, emotional trauma and psychological harm, some or all of which may be permanent;

(d) Past and future medical and healthcare expenses; and

(e) Past and future lost wages and lost earnings potential.

## FIRST CLAIM FOR RELIEF
## FEDERAL CIVIL RIGHTS VIOLATIONS

19. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

20. As a direct and proximate result of Defendants' aforesaid conduct, committed under color of state law, Defendants deprived Plaintiff of his rights, privileges and immunities under the laws and the Constitution of the United States, specifically Plaintiff's right to free speech and

Plaintiff's right to be free from unreasonable use of force and unlawful arrest. As a result, Plaintiff suffered and continues to suffer harm in violation of Plaintiff's rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments thereto, and 42 U.S.C. § 1983.

21. Defendant, Town of Basalt, has encouraged, tolerated, ratified and has been deliberately indifferent to the following policies, practices and customs:

(a) Its police officers' unreasonable use of force, unlawful arrest, and interference with the exercise of protected free speech;

(b) Its police officers' use of their status as police officers to retaliate, use unreasonable use of force, and make unlawful arrests to achieve ends not reasonably related to their police duties;

(c) Failing to have proper or adequate policies, procedures, directives and/or instructions regarding how its police officers are to conduct bar checks, bar sweeps and/or walk-throughs of bars;

(d) Failure of its police officers to follow established policies, procedures, directives and/or instructions regarding how to conduct bar checks, bar sweeps and/or walk-throughs of bars;

(e) Failing to have proper or adequate policies, procedures, directives and/or instructions regarding how its police officers are to engage, address and deal with individuals such as Plaintiff under the circumstances presented herein; and

(f)  Failure of its police officers to follow established policies, procedures, directives and/or instructions regarding how to engage, address and deal with individuals such as Plaintiff under the circumstances presented herein.

22.  Defendant, Town of Basalt, has been deliberately indifferent to the need for more or different training, supervision, investigation and/or discipline in the areas of:

(a)  The proper use of police powers, including unreasonable use of force, unlawful arrest, and interference with the exercise of protected free speech;

(b)  Police officers' use of their status as police officers to employ the use of retaliation, unreasonable use of force, and unlawful arrest to achieve ends not reasonably related to their police duties;

(c)  The failure of police officers to follow established policies, procedures, directives and instructions regarding how to engage, address and deal with individuals such as Plaintiff under the circumstances as presented herein;

(d)  Performing bar checks, bar sweeps and/or walk-throughs of bars without appropriate regard for the potential for negative reaction toward the police officers by the public and/or bar patrons;

(e)  The conduct of its police officers when performing bar checks, bar sweeps and/or walk-throughs of bars, especially in light of the potential for negative reaction toward the police officers by the public and/or bar patrons;

(f) Addressing an individual's statements or actions challenging police authority, especially in light of the potential that those statements or actions might be protected free speech under the First Amendment to the United States Constitution; and

7

(g) The conduct of its police officers when they are confronted with an individual's statements or actions challenging police authority, especially in light of the potential that those statements or actions might be protected free speech under the First Amendment to the United States Constitution.

23. Defendant, Town on Basalt, failed to properly sanction or discipline officers who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police officers, including the defendant officers in this case, to violate the rights of citizens such as Plaintiff.

24. By these actions, Defendants, acting in concert and conspiracy, have deprived Plaintiff of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF
## STATE LAW CLAIMS

25. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

26. Defendants' aforesaid acts and conduct constitute assault and battery, false imprisonment, intentional infliction of emotional distress, trespass, interference with state constitutional rights, negligence, gross negligence, and negligent hiring, training, retention and supervision under the laws of the State of Colorado, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

27. Plaintiff has filed a timely written notice as required by C.R.S. 24-10-109.

## REQUEST FOR RELIEF AND JURY DEMAND

In light of the foregoing, Plaintiff requests the following relief:

(a) Entry of a declaratory judgment that Defendants unconstitutionally and unlawfully confronted, detained, used unreasonable force upon, and arrested Plaintiff, and improperly interfered with Plaintiff's exercise of protected free speech;

(b) Compensatory damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and costs; and

(e) Such other and further relief as appears reasonable and just.

Plaintiff demands a jury trial as to each Defendant and as to each claim for relief.

DATE: July 12, 2010

_____
Richard M. Wiener, Esquire
CO Attorney Registration No. 39962
Law Offices of Richard M. Wiener, LLC
161 Washington Street, Suite 400
Conshohocken, PA 19428
(610) 832-8050
*Attorney for Plaintiff*